IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID N. MARTIN, | ) CIVIL NO. 06-00181 HG-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DISMISS |
| vs. | ) PLAINTIFF'S AMENDED |
| | ) COMPLAINT, DENY |
| CLAYTON KIMOTO and THE | ) PLAINTIFF'S MOTION FOR |
| OFFICE OF THE PUBLIC | ) RESCHEDULING AND |
| DEFENDER, | ) APPOINTMENT OF COUNSEL; |
| | ) AND DENY PLAINTIFF'S |
| Defendants. | ) MOTION TO PROCEED IN FORMA |
| | ) PAUPERIS |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, DENY PLAINTIFF'S MOTION FOR RESCHEDULING AND APPOINTMENT OF COUNSEL; AND DENY PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS

I. Introduction

On February 17, 2006, David N. Martin ("Plaintiff") and Robin M.S. Lee ("Lee"), both state prisoners proceeding pro se, filed a Complaint alleging violations of their civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983").

On March 30, 2006, Plaintiff Martin and Lee each filed a Motion to Proceed In Forma Pauperis.

On April 25, 2006, Plaintiff filed an Amended Complaint that did not include Lee as a named plaintiff and named only Clayton Kimoto and the Office of the Public Defender ("Defendants") as defendants.[1]  The same day, Plaintiff also filed a Motion for Rescheduling and Appointment of Counsel.

II. Discussion

In his Amended Complaint, Plaintiff alleges ineffective assistance of counsel, denial of right to appeal, and wrongful incarceration in violation of 42 U.S.C. § 1983.  Specifically, Plaintiff alleges that his attorney, Defendant Clayton Kimoto ("Defendant Kimoto"), falsely told him that he would be receiving time served and five years probation for an arrest that occurred on December 22, 1999.  On June 13, 2000, Plaintiff Martin was given a five-year sentence.  A reconsideration hearing was set for August 15, 2000.  Plaintiff claims that Defendant Kimoto sabotaged his reconsideration hearing and then falsely told Plaintiff

---

[1] On April 28, 2006, Plaintiff Lee filed a Notice of Withdrawal By Co-plaintiff.

that he would file a Rule 40 post-conviction appeal, which he never did.  As a result, Plaintiff claims he was wrongfully incarcerated and seeks damages based on the number of days he has been imprisoned, which according to Plaintiff was from December 22, 1999 to June 3, 2005.

The court may dismiss a prisoner complaint if it appears from the facts of the complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. 1915A(b); see also Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)(noting that courts are authorized to dismiss frivolous complaints under § 1915).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988).

The Supreme Court has held that when public defenders are acting in their role as an advocate, they are not acting under color of state law for purposes of Section 1983.  See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk County v. Dodson, 454 U.S. 312, 320-25 (1981); Miranda v. Clark County, 279 F.3d 1102, 1107-08 (9th Cir. 2002).  Public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor.  See Polk County, 454 U.S. at 321.  Since Defendant Kimono is a public defender who represented Plaintiff, Defendant Kimono was not acting under color of law for purposes of Plaintiff's Section 1983 action.  Consequently, the Court FINDS and RECOMMENDS that Plaintiff's claim against Defendant Kimono be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(ii).  Considering the circumstances in this case, the Court finds that amendment to Plaintiff's Complaint would be futile.  See Lopez v. Smith, 203 F.3d 1122, 1124 (9th Cir. 2000)(en banc)(holding that dismissal of

prisoner's claims with prejudice is proper where amendment would be futile).

Plaintiff also asserts a claim against Defendant Office of the Public Defender.  The Supreme Court has held that a government agency that is an arm of the state is not a person for purposes of Section 1983.  See Howlett v. Rose, 496 U.S. 356, 365 (1990).  In determining whether a governmental agency is an arm of the state, the court should "look to state law and examine 'whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only in the name of the state, and the corporate status of the entity.'"  Hale v. Arizona, 993 F.2d 1387, 1399 (9th Cir. 1993)(en banc)(quoting Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988).  The first factor, whether a money judgment would be satisfied out of state funds, should be given considerable weight.

See Regents of the Univ. v. Doe, 519 U.S. 425, 430 (1997).

Pursuant to Hawaii Revised Statute § 802-8, the Office of the State Public Defender was created within the department of budget and finance for administrative purposes.  In considering the aforementioned factors, in particular the first factor, it is clear that Defendant Office of the Public Defender is an arm of the state and not a person for purposes of Section 1983.  Consequently, the Court FINDS and RECOMMENDS that Plaintiff's claim against Defendant Office of the Public Defender be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(ii).  Given the circumstances in this case, the Court finds that amendment to Plaintiff's Complaint would be futile.  See Lopez, 203 F.3d at 1124.

The Court has FOUND and RECOMMENDED that Plaintiff's Complaint be DISMISSED with prejudice. Consequently, the Court FINDS and RECOMMENDS that Plaintiff's Motion to Proceed in Forma Pauperis be

DENIED as moot.  Similarly, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Rescheduling and Appointment of Counsel be DENIED as moot.

III.     Conclusion

For all of the aforementioned reasons, the Court FINDS and RECOMMENDS that Plaintiff's Complaint be DISMISSED with prejudice for failure to state a claim.  This shall count as one strike against Plaintiff pursuant to 28 U.S.C. 1915(g).  The Court also FINDS and RECOMMENDS that Plaintiff's Motion to Proceed In Forma Pauperis and Plaintiff's Motion to for Rescheduling and Appointment of Counsel be DENIED as moot.

IT IS SO FOUND and RECOMMENDED.

Dated:  Honolulu, Hawaii, May 3, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge