IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID N. MARTIN, | ) CIVIL NO. 06-00181 HG-KSC |
| Plaintiff, | ) |
| vs. | ) |
| CLAYTON KIMOTO and THE OFFICE OF THE PUBLIC DEFENDER, | ) |
| Defendants. | ) |

**ORDER ADOPTING THE FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, DENY PLAINTIFF'S MOTION FOR RESCHEDULING AND APPOINTMENT OF COUNSEL, AND DENY PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**

On April 25, 2006, Plaintiff David N. Martin ("Plaintiff") filed an amended complaint against Clayton Kimoto and the Office of the Public Defender ("Defendants"), alleging ineffective assistance of counsel, denial of right to appeal, and wrongful incarceration in violation of 42 U.S.C. § 1983.  Plaintiff seeks damages of $2,125,000.00 from the State of Hawaii.  For the reasons set forth below, the Magistrate Judge's Findings and Recommendation is ADOPTED, and Plaintiff's Amended Compliant is DISMISSED WITH PREJUDICE.  Plaintiff's Motion for Rescheduling and Appointment of Counsel is DISMISSED.  Plaintiff's Motion to Proceed In Forma Pauperis is DENIED.

**PROCEDURAL HISTORY**

On March 30, 2006, Plaintiff and Robin M.S. Lee filed a complaint against Clayton Kimoto, Nelson Goo, and the Office of

the Public Defenders.

On March 30, 2006, Plaintiff filed for leave to proceed In Forma Pauperis.

On March 30, 2006, Robin M.S. Lee filed for leave to proceed In Forma Pauperis.

On April 25, 2006, Plaintiff filed an Amended Complaint against Clayton Kimoto and the Office of Public Defenders.

On April 28, 2006, Robin M.S. Lee filed a Notice of Withdrawal in the action.

On May 3, 2006, Magistrate Judge Kevin S.C. Chang filed a Findings and Recommendation to Dismiss Plaintiff's Amended Complaint, Deny Plaintiff's Motion for Rescheduling and Appointment of Counsel, and Deny Plaintiff's Motion to Proceed In Forma Pauperis.

On May 16, 2006, Plaintiff filed an Objection to the Magistrate Judge's Findings and Recommendation.

**STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate

judge.  Raddatz, 447 U.S. at 673-74.

De novo review means the district court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered.  See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992).  The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required.  United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

**BACKGROUND**

In his Amended Complaint, Plaintiff David N. Martin ("Plaintiff") alleges that his attorney, Defendant Clayton Kimoto ("Defendant Kimoto"), falsely told him that he would be receiving time served and five years probation for an arrest that occurred on December 22, 1999.  Plaintiff claims that he was sentenced to five years imprisonment on June 13, 2000, and that a Reconsideration Hearing was set for August 15, 2000.

It is Plaintiff's contention that his "probation and freedom of incarceration was maliciously sabotaged by Defendant Kimoto." Plaintiff also claims that Defendant Kimoto misinformed him and lied to him, claiming that Defendant Kimoto told Plaintiff that he would file a Rule 40 Post-Conviction Appeal, which he allegedly never did.  Plaintiff claims that this resulted in wrongful incarceration from December 22, 1999 to June 30, 2005.

Plaintiff asks for damages to be awarded of "at least $1,000.00 per day," totaling $2,125,000.00.

## ANALYSIS

The Court has reviewed Plaintiff's original motions and Plaintiff's objections.  The Court has come to an independent decision about Plaintiff's Motion for Rescheduling and Appointment of Counsel and Plaintiff's Motion to Proceed In Forma Pauperis.  There is no need to hold a hearing on the matter.

Plaintiff objects to the Findings and Recommendation of the Magistrate Judge ("Findings"), arguing that he should be allowed to amend the Amended Complaint to omit the Office of the Public Defenders and insert the Department of Budget and Finance as Defendant Kimoto's co-defendant.  Plaintiff also contends that his complaint does state a claim upon which relief can be granted, that it should not be dismissed, and that his motions should be granted.

**A.    PLAINTIFF'S COMPLAINT IS DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

A court may authorize a litigant to proceed without the prepayment of fees if the litigant submits an affidavit that includes a statement of all the assets he possesses and that he is unable to pay the required fees.  28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), a Complaint filed by an

in forma pauperis applicant may be dismissed if it is frivolous or fails to state a claim on which relief may be granted.  The Court may dismiss a claim, sua sponte, for lack of subject matter jurisdiction.  See Franklin v. State of Oregon, 662 F.2d 1337, 1342 (9th Cir. 1981).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988). The Supreme Court has held that when public defenders are acting in their role as advocate, they are not acting under color of state law for purposes of Section 1983.  See Georgia v. McCollum, 505 U.S. 42, 53 (1992); Polk County v. Dodson, 454 U.S. 312, 320-25 (1981).  Public defenders do not act as under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor.  See Polk County, 454 U.S. at 321.

Defendant Kimoto was not acting under color of state law for purposes of Plaintiff's Section 1983 action, as Defendant Kimoto was representing Plaintiff in Defendant Kimoto's capacity as a public defender.  Plaintiff cannot satisfy the second prong of the elements required to bring a successful action under Section 1983, and his claim against Defendant Kimoto is DISMISSED for

5

failure to state a claim upon which relief may be granted.

B.     **PLAINTIFF'S CLAIM IS DISMISSED WITH PREJUDICE**

In his Objection to the Magistrate Judge's Findings and Recommendation, Plaintiff contends that should his Complaint be dismissed, it should be dismissed without prejudice.

Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires."  The Supreme Court has stated that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962).  The Ninth Circuit Court of Appeals has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)(citation omitted).

Plaintiff cannot cure the Complaint by alleging other facts or amending the Complaint.  Dismissing the Complaint is proper, as amending the Complaint would be futile. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)(en banc)(holding that dismissal of prisoner's claims with prejudice is proper where amendment would be futile).

Plaintiff sets forth that he would cure any deficiencies by amending the Complaint to omit the Office of the Public Defenders

and inserting the Department of Budget and Finance.  This contention is without merit, as claims against the Office of the Public Defenders and the Department of Budget and Finance are both improper and must be dismissed.

The Supreme Court has held that a government agency that is an arm of the state is not a person for purposes of Section 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990).  In determining whether a governmental agency is an arm of the state, the court should "look to state law and examine 'whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only in the name of the state, and the corporate status of the entity." Hale v. Arizona, 993 F.2d 1387, 1399 (9th Cir. 1993)(en banc)(quoting Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988)).  The first factor, whether a money judgment would be satisfied out of state funds, should be given considerable weight.  See Regents of the Univ. of California v. Doe, 519 U.S. 425, 430 (1997).

Pursuant to Hawaii Revised Statutes § 802-8, the Office of the State Public Defender was created within the Department of Budget and Finance for administrative purposes.  In considering the aforementioned factors, it is clear that the Office of the Public Defenders is an arm of the state and not a person for

purposes of Section 1983.  For the same reasons, the Department of Budget and Finance is also an arm of the state and not a person for the purposes of Section 1983.  It is therefore clear that even if Plaintiff were allowed to amend his Complaint to omit the Office of the Public Defender and insert the Department of Budget and Finance, Plaintiff's Complaint would still fail to state a claim upon which relief may be granted.

The Court ADOPTS the Magistrate Judge's Findings and Recommendation that Plaintiff's Complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.  The Court ADOPTS the Findings and Recommendation that Plaintiff's Motion to Proceed In Forma Pauperis and Plaintiff's Motion for Rescheduling and Appointment of Counsel be DENIED AS MOOT.

### CONCLUSION

In accordance with the foregoing, it is HEREBY ORDERED that:

The Findings and Recommendation of the Magistrate Judge is ADOPTED as the opinion and order of this Court.

Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

Plaintiff's Motion to Proceed in Forma Pauperis is DENIED AS MOOT.

Plaintiff's Motion for Rescheduling and Appointment of

Counsel is DENIED AS MOOT.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, July 24, 2006.



    **/s/ Helen Gillmor**
Chief United States District Judge

_____
<u>David N. Martin v. Clayton Kimoto and the Office of the Public Defender</u>, Civil No. 06-00181 HG-KSC; **ORDER ADOPTING THE FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, DENY PLAINTIFF'S MOTION FOR RESCHEDULING AND APPOINTMENT OF COUNSEL, AND DENY PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**